1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF NEVADA**

8

9   DALE EDWARD FLANAGAN,                )
                                         )
10                  Petitioner,          )        2:09-cv-00085-KJD-GWF
                                         )
11  vs.                                  )
                                         )        **ORDER**
12  RENEE BAKER, *et al.*,               )
                                         )
13                  Respondents.         )
                                         )
14  _____/

15          This is an action for habeas relief under 28 U.S.C. § 2254 brought by Dale Edward Flanagan,

16  a Nevada prisoner sentenced to death.  On September 2, 2011, the respondents filed, in relation to

17  Flanagan's first amended petition, a motion to dismiss or, in the alternative, for a more definite

18  statement.  ECF Nos. 55/56.  In response, Flanagan filed, on January 30, 2012, an opposition to the

19  motion (ECF No. 83) and a motion for stay and abeyance (ECF No. 84).  On March 30, 2012,

20  respondents' filed an opposition to the motion for stay and abeyance.  ECF No. 90.  They also filed,

21  on April 6, 2012, a motion to dismiss the conflict of interest claim contained within Claim Five of

22  Flanagan's petition.  ECF No. 94.  For reasons that follow, the court will grant the motion for stay,

23  and stay this action pending the conclusion of Flanagan's state-court habeas corpus proceedings.  The

24  court will deny the motions to dismiss as moot.

25          A federal court may not grant habeas corpus relief on a claim not exhausted in state court.  28

26  U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity, and is

1   intended to allow state courts the initial opportunity to correct constitutional deprivations.  *See*
2   *Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the
3   claim to the highest state court, and must give that court the opportunity to address and resolve it.
4   *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,
5   10 (1992).

6        Flanagan concedes that Claim One of his first amended petition is unexhausted.  Thus, his
7   petition is a mixed petition – i.e., it contains both exhausted and unexhausted claims.  In *Rose v.*
8   *Lundy*, 455 U.S. 509 (1982), the Supreme Court held that federal district courts may not adjudicate
9   mixed petitions for habeas corpus.  455 U.S. at 518-19.  The Antiterrorism and Effective Death
10  Penalty Act of 1996 (AEDPA) preserved *Lundy*'s total exhaustion requirement (see 28 U.S.C. §
11  2254(b)(1)(A)), but it also imposed a 1-year statute of limitations on the filing of federal petitions
12  (see § 2244(d)).

13       Because of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s
14  dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of
15  forever losing their opportunity for any federal review of their unexhausted claims.  *See Rhines v.*
16  *Weber*, 544 U.S. 269, 275 (2005) ("If a petitioner files a timely but mixed petition in federal district
17  court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will
18  likely mean the termination of any federal review.").  To solve the problem, the Court in *Rhines*
19  condoned the "stay-and-abeyance" procedure, whereby the district court, rather than dismiss the
20  mixed petition under *Lundy*, stays the petition and holds it in abeyance while the petitioner returns to
21  state court to exhaust his previously unexhausted claims.  *Id.* at 276.

22       The Court cautioned, however, that stay and abeyance, if too frequently used, would
23  undermine AEDPA's goals of prompt resolution of claims and deference to state court rulings.  *Id*.
24  Thus, the Court held that, in order to obtain "stay and abeyance," a petitioner must show:  1) good
25  cause for the failure to exhaust claims in state court; 2) that unexhausted claims are potentially
26  meritorious; and 3) the absence of abusive tactics or intentional delay.  *Id*.; *Jackson v. Roe*, 425 F.3d

2

1   654, 662 (9th Cir. 2005).

2          Relying on *Rhines*, Flanagan requests that this action be stayed while he completes the

3   exhaustion of Claim One.  Claim One is based on allegations that the State committed numerous acts

4   of misconduct in obtaining and presenting the testimony of one of its witnesses, Angela Saldana.

5   Flanagan argues that there is good cause for his failure to exhaust Claim One because evidence of the

6   misconduct was withheld by the State and only unearthed recently when Flanagan located and

7   interviewed Saldana's aunt, Wendy Peoples, and Peoples' daughter, Amy Hanley-Peoples.[1]

8          *Rhines* does not go into detail as to what constitutes good cause for failure to exhaust; and,

9   the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an

10  "extraordinary circumstances" standard.  *See Jackson*, 425 F.3d at 661-62 (citing *NLRB v. Zeno*

11  *Table Co.*, 610 F.2d 567, 569 (9th Cir. 1979)).  Many district courts have concluded that the standard

12  is more generous than the showing needed for "cause" to excuse a procedural default.  *See*, *e.g.*,

13  *Rhines v. Weber*, 408 F.Supp.2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on

14  remand).  This view finds support in *Pace*, where the Supreme Court acknowledged that a

15  petitioner's "reasonable confusion" about the timeliness of his federal petition would generally

16  constitute good cause for his failure to exhaust state remedies before filing his federal petition.  544

17  U.S. at 416-17.  On other hand, interpreting "good cause" too broadly militates against the Supreme

18  Court's admonition that stay and abeyance should only be available in "limited circumstances."  *See*

19  *Wooten v. Kirkland*  540 F.3d 1019, 1024 (9th Cir. 2008) (quoting *Rhines*, 544 U.S. at 277).

20         Here, the respondents dispute that the State withheld evidence from Flanagan and question

21  the credibility of the declarations of Wendy Peoples and her daughter, including Peoples' claim that

22  she has made herself difficult to find for the last decade.  Even so, Flanagan has demonstrated that he

23  made a good faith effort to develop this specific claim in state court by directing his investigator to

24  locate Peoples and by seeking leave to conduct discovery related to Angela Saldana.  See ECF No.

25

26
_____

          [1]        The declarations of these two witnesses and the investigator for Flanagan who located
them are at ECF No. 47-7, p. 27-36.

1    47-7, p. 36; ECF No. 74-1, p. 74-75.  This is sufficient to meet the "good cause" standard under

2    *Rhines*.

3          With respect to the "potentially meritorious" inquiry, the standard should approximate the

4    standard that applies when the court decides whether to deny an unexhausted claim under 28 U.S.C.

5    § 2254(b)(2).  *See Rhines*, 544 U.S. at 277.  In both instances, the objective is to preserve the

6    principle of comity while preventing the waste of state and federal resources that occurs when a

7    petitioner is sent back to state court to litigate a clearly hopeless claim.  *Cf. Cassett v. Stewart*, 406

8    F.3d 614, 624 (9th Cir. 2005).  Thus, Flanagan should not be prevented from returning to state court

9    unless "it is perfectly clear that [he] does not raise even a colorable federal claim."  *Id*.

10          The allegations supporting Claim One, if taken as true, arguably present a meritorious

11   challenge to his conviction or sentence.  As noted, Flanagan contends, among other things, that the

12   State failed to disclose material evidence that would have undermined the credibility of a witness

13   that testified against him and that the State knowingly offered false or misleading testimony and

14   evidence.  Claim One contains factual allegations sufficient to raise colorable grounds for relief

15   under *Giglio v. United States*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959).

16   Because the claim provides Flanagan with at least some chance of habeas relief, Claim One satisfies

17   the "potentially meritorious" standard in *Rhines*.

18          Lastly, in opposing the motion for stay and abeyance, the respondents make no argument that

19   Flanagan has intentionally engaged in dilatory litigation tactics.  And, the court sees no indication of

20   such tactics in the record herein

21          Having met the requirements under *Rhines*, Flanagan has shown that a stay is warranted to

22   allow him to complete state court proceedings before moving forward with this federal habeas

23   action.  The court will stay this case.  This will be the last time that the court imposes a stay to

24   facilitate Flanagan's exhaustion of claims in state court.  Flanagan must exhaust all of his

25   unexhausted claims in state court during the stay of this action imposed pursuant to this order.

26          Respondents' motions to dismiss (ECF Nos. 55/94) are grounded, in part, on Flanagan's

1  alleged failure to exhaust in state court all the claims in his first amended habeas petition.  As the
2  court is staying this action to allow exhaustion of Flanagan's claims in state court, and as Flanagan
3  will be allowed, following the stay, to file a second amended petition, the stay of this action renders
4  those motions to dismiss moot, and they will be denied on that basis.

5      **IT IS THEREFORE ORDERED** that petitioner's Motion for Stay and Abeyance (ECF No.
6  84) is GRANTED.  This action is STAYED to allow petitioner to exhaust, in state court, all his
7  unexhausted claims for habeas corpus relief.

8      **IT IS FURTHER ORDERED** that, on or before December 15, 2012, petitioner shall file
9  and serve a status report, describing the status of his state-court proceedings.  Thereafter, during the
10  stay of this action, petitioner shall file such a status report every 6 months (on or before June 15,
11  2013; December 15, 2013; June 15, 2014; etc.).  Respondents may, if necessary, file and serve a
12  response to any such status report within 15 days after its service.  If necessary, petitioner may reply
13  within 15 days of service of the response.

14      **IT IS FURTHER ORDERED** that petitioner shall have **30 days** from the date this order is
15  entered to initiate the appropriate state court proceeding, if he has not yet done so.  Following the
16  conclusion of state court proceedings, petitioner shall, within **30 days**, make a motion to lift the stay.

17      **IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by
18  respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to
19  proceed with diligence during the stay imposed pursuant to this order.

20      **IT IS FURTHER ORDERED** that respondents' motion to dismiss the first amended
21  petition (ECF No. 55) and motion to dismiss conflict of interest claim (ECF No. 94) are DENIED as
22  moot.  Respondents' motion for a more definite statement (ECF No. 56) is DENIED without
23  prejudice

24      DATED:  8/23/12

25  _____
26  UNITED STATES DISTRICT JUDGE